| | |
|---|---|
| STATE OF MAINE<br>Androscoggin, SS | DISTRICT COURT<br>District Eight, Div. of So. Androscoggin<br>Docket No. <u>CV-17-496</u> |

| | |
|---|---|
| CITY OF LEWISTON,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM VERRINDER,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) **LAND USE CITATION AND**<br>) **COMPLAINT**<br>)<br>) **Title to Real Estate Involved**<br>)<br>) |

**TO:**     **William Verrinder**
              **65 Jill Street**
              **Lewiston, Maine 04240**

## CITATION

You are hereby summoned to appear in District Court at the location and date indicated below to answer the enclosed complaint. IN THE EVENT YOU FAIL TO APPEAR AND STATE YOUR DEFENSE ON THE COURT DATE SPECIFIED, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU. You are advised to call the District Court to verify the date and time of your appearance.

**Time and place of appearance:**

Court: Maine District Court
        71 Lisbon Street
        Lewiston, Maine
Date: January 23, 2018
Time: 1:00 p.m.

**Signature of complainant:**

I have reasonable grounds to believe that the violations described herein were committed because I personally observed these violations.

Date: December 28, 2017

                                                              Nicholaus Richard
                                                             Code Enforcement Officer
                                                             City of Lewiston

## COMPLAINT

You are charged with the following:

1. The violations are located at 65 Jill Street, Lewiston, Maine (the "Premises"), which is owned by Defendant William Verrinder (the "Owner"). [A copy of the deed to the Owner is attached hereto as Exhibit A.]

2. On November 8, 2017, Lewiston Code Enforcement Officer Nicholaus Richard ("CEO Richard") inspected the Premises and observed numerous violations of the City of Lewiston Code of Ordinances ("Lewiston Code").

3. On November 9, 2017, CEO Richard issued to the Owner, via certified mail and regular mail, postage prepaid, a Notice of Violation ("NOV I") notifying the Owner of the violations, and ordering their remediation. [A copy of NOV I is attached hereto as Exhibit B].

4. The copy of NOV I sent via regular mail, postage prepaid was not returned to the City as undeliverable by the postal service. [*See* Lewiston Code, § 18-29(c)].

5. The Owner did not remedy the violations at the Premises.

6. The Owner failed to timely appeal NOV I.

7. The Owner is now precluded by the doctrine of *res judicata* from contesting the conditions at the Premises, as documented in NOV I, and the fact that those conditions violate Lewiston Code §§ 18-29(d) and 50-49.[1]

8. The following violations, first cited in NOV I, remain at the Premises as of November 20, 2017:

    a. There is trash and construction demolition debris throughout the Premises, in violation of Lewiston Code § 18-51, 2009 edition of the International Property Maintenance Code ("IPMC") 302.1, 308.1 and 308.2; and,

    b. The front stairs are damaged as the first step is missing half the tread, in violation of Lewiston Code IPMC 304.10.

---

[1] See *Town of Boothbay v. Jenness*, 2003 ME 50, ¶ 25, 822 A.2d 1169, 1177 (citing *Town of Freeport v. Greenlaw*, 602 A.2d 1156, 1161 (Me. 1992))("In *Greenlaw*, we discussed what the notice from a CEO to a landowner regarding the landowner's right to an administrative appeal of the CEO's order must, at a minimum, contain. '[The] order ... should refer to the provisions of the ordinance allegedly being violated, inform the violator of the right to dispute the order and how that right is exercised by appeal, and specify the consequences of the failure to appeal.'") A defendant that does not appeal to the board of appeals is "properly precluded from arguing a different construction of the ordinance, which could have been an issue for the Board of Appeals had [Defendant], exercised [its] right of appeal." *Id.*

[An attested copy of the relevant Lewiston Code provisions is attached hereto as Exhibit C.]

9. Each day that a violation continues after notice has been served shall be deemed a separate offense. [Lewiston Code Ch. 18, § 18-52, IPMC 106.4 (as amended). See 30-A M.R.S. § 4452(3)(B).]

10. Each violation shall be deemed a strict liability offense. [30-A M.R.S. § 4452(2); Lewiston Code, Ch. 18, IPMC 106.3.]

11. For each violation, each day since November 8, 2017 is a separate offense.

WHEREFORE, the City of Lewiston requests that this Court:

A. Order the Owner to immediately remedy all violations at the Premises;

B. Award the City of Lewiston its attorneys' fees and costs, pursuant to 30-A M.R.S. § 4452(3)(D);

C. Award civil penalties to the City of Lewiston, pursuant to 30-A M.R.S. § 4452(3)(B); and,

D. Award any such further relief as this Court deems just and proper.

Dated: December 28, 2017

Michael E. Carey (Bar No. 5483)
BRANN & ISAACSON
184 Main Street, P.O. Box 3070
Lewiston, Maine 04243-3070
(207)786-3566
mcarey@brannlaw.com
*Attorney for the City of Lewiston*

3